Maureen H. Lennon
Mitchell A. Young
MACo Defense Services
2717 Skyway Drive, Suite F
Helena, MT 59602-1213
Phone (406) 441-5471
Fax (406) 441-5497
mlennon@mtcounties.org
myoung@mtcounties.org
*Counsel for County Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| HEIDI HARRINGTON, | Case No.: CV 21-15 BMM |
| Plaintiff, | |
| v. | COUNTY DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| MADISON COUNTY, MADISON COUNTY SHERIFF'S OFFICE, MADISON COUNTY ATTORNEY'S OFFICE, DOUG YOUNG, MADISON VALLEY HOSPITAL, INC., d/b/a MADISON VALLEY MEDICAL CENTER and JOHN DOES 1-10. | |
| Defendants. | |

Defendants Madison County, Madison County Sheriff's Office, Madison County Attorney's Office and Doug Young (County Defendants) through their counsel of record, for their answer to Plaintiff's First Amended Complaint and Demand for Jury Trial, admit, deny, and allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Answering Paragraph 1, Defendants admit based on information and belief.

2. Answering Paragraph 2, Defendants admit Madison County is a political subdivision of the State of Montana and that employees of Madison County acting in the course and scope of their employment with the County are entitled to be indemnified by the County for such acts. County Defendants deny Madison County is "authorized to control and maintain the Madison County Sheriff's Office (MCSO) and the Madison County Attorney's Office (MCAO). Pursuant to Montana Code Annotated Section 2-9-305, the County is responsible to defend and indemnify County employees (excluding those who engage in conduct enumerated in the statute which defeats indemnification) and the County is responsible for funding the MCSO and the MCAO. These Offices are departments of Madison County operated by the duly elected Sheriff and County Attorney.

3. Answering Paragraph 3, County Defendants admit the Madison County Sheriff's Office is a department within the County and to the extent the actions of individuals within the course and scope of their employment with the County are entitled to be indemnified by the County for such acts.

4. Answering Paragraph 4, the County Defendants deny. MCAO, insofar as the conduct was in the course and scope of prosecutorial duties, is

performed for, and on behalf of, the State of Montana.

5. Answering Paragraph 5, this Paragraph contains allegations unrelated to the County Defendants to which no answer is required.

6. Answering Paragraph 6, County Defendants cannot answer allegations against unnamed Defendants other than to say Madison County denies wrongdoing on the part of any of its employees.

7. Answering Paragraph 7, this Court's jurisdiction is not in dispute.

8. Answering Paragraph 8, venue is not in dispute.

## FACTS

9. Answering Paragraph 9, County Defendants admit the first sentence based on information and belief. Defendants lack information as to the remaining allegations in the paragraph and therefore deny.

10. Answering Paragraph 10, County Defendants admit that on March 17, 2020, MCSO dispatch received a report consistent with the facts alleged in this Paragraph.

11. Answering Paragraph 11, County Defendants lack sufficient information to either admit or deny and therefore deny.

12. Answering Paragraph 12, County Defendants admit.

13. Answering Paragraph 13, County Defendants admit.

14. Answering Paragraph 14, County Defendants admit.

15. Answering Paragraph 15, County Defendants admit.

16. Answering Paragraph 16, County Defendants admit.

17. Answering Paragraph 17, County Defendants admit.

18. Answering Paragraph 18, County Defendants admit.

19. Answering Paragraph 19, County Defendants admi.

20. Answering Paragraph 20, County Defendants admit.

21. Answering Paragraph 21, County Defendants admit.

22. Answering Paragraph 22, County Defendants admit.

23. Answering Paragraph 23, County Defendants admit that Deputy Goodman was asked by hospital staff to restrain Harrington from tampering with medical equipment. Defendants deny the second sentence of the paragraph as it would not be reasonable for them to leave the treatment area simply because Harrington had temporarily ceased her interference with the medical staff. Defendants admit that Deputies Goodman and Young remained in the treatment area.

24. Answering Paragraph 24, other than to deny Deputy Young would have approached Ms. Harrington for no discernable purpose, County Defendants lack information to either admit or deny and therefore deny.

25. Answering Paragraph 25, County Defendants admit the first sentence of the paragraph and deny the second.

26. Answering Paragraph 26, County Defendants admit.

27. Answering Paragraph 27, County Defendants admit.

28. Answering Paragraph 28, County Defendants admit.

29. Answering Paragraph 29, County Defendants admit.

30. Answering Paragraph 30, County Defendants admit.

31. Answering Paragraph 31, County Defendants admit.

32. Answering Paragraph 32, County Defendants admit.

33. Answering Paragraph 33, County Defendants admit

34. Answering Paragraph 34, County Defendants admit.

35. Answering Paragraph 35, County Defendants admit.

36. Answering Paragraph 36, County Defendants admit.

37. Answering Paragraph 37, County Defendants admit.

38. Answering Paragraph 38, County Defendants admit that medical records indicated Harrington had several types of drugs in her system.

39. Answering Paragraph 39, County Defendants admit.

40. Answering Paragraph 40, County Defendants admit.

41. Answering Paragraph 41, County Defendants admit.

42. Answering Paragraph 42, County Defendants admit.

43. Answering Paragraph 43, County Defendants admit that Harrington's medical records were part of the evidence upon which the complaint was based.

44. Answering Paragraph 44, County Defendants admit that the Madison County Justice of the Peace dismissed the criminal case against Harrington based upon a "breach of the Doctor/Patient privilege."

45. Answering Paragraph 45, County Defendants admit.

46. Answering Paragraph 46, County Defendants lack information as to Harrington's subjective expectations. To the extent that the paragraph refers to Harrington's objective expectation of privacy it states a legal conclusion to which no response is necessary. To the extent a response is required Defendants deny.

47. Answering Paragraph 47, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary.

48. Answering Paragraph 48, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

49. Answering Paragraph 49, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

50. Answering Paragraph 50, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a

response is required County Defendants deny.

51. Answering Paragraph 51, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

52. Answering Paragraph 52, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

53. Answering Paragraph 53, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

54. Answering Paragraph 54, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

55. Answering Paragraph 55, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

56. Answering Paragraph 56, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

57. Answering Paragraph 57, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

58. Answering Paragraph 58, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

59. Answering Paragraph 59, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

60. Answering Paragraph 60, County Defendants deny.

## CLAIMS AGAINST THE COUNTY DEFENDANTS

## COUNT 1 – 42 U.S.C. § 1983

61. Answering Paragraph 61, the County Defendants reallege their answers to Paragraphs 1 through 60 above as though fully set forth herein.

62. Answering Paragraph 62, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

63. Answering Paragraph 63, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

64. Answering Paragraph 64, County Defendants deny.

65. Answering Paragraph 65, County Defendants deny. Montana Code Annotated Section 61-8-402 specifically states that a person who operates or is in actual physical control of a motor vehicle is considered to have consented to a test to determine the presence of drugs or alcohol in the person's body.

66. Answering Paragraph 66, County Defendants admit.

67. Answering Paragraph 67, County Defendants deny.

## COUNT II – 42 U.S.C. § 1983 (*MONELL*)

68. Answering Paragraph 68, the County Defendants reallege their answers to Paragraphs 1 through 67 above as though fully set forth herein.

69. Answering Paragraph 69, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

70. Answering Paragraph 70, County Defendants deny.

71. Answering Paragraph 71, County Defendants deny.

72. Answering Paragraph 72, County Defendants deny.

73. Answering Paragraph 73, County Defendants deny.

74. Answering Paragraph 74, County Defendants deny.

75. Answering Paragraph 75, County Defendants deny.

## COUNT III – *DORWART* CLAIMS

76. Answering Paragraph 76, the County Defendants reallege their answers to Paragraphs 1 through 75 above as though fully set forth herein.

77. Answering Paragraph 77, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

78. Answering Paragraph 78, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

79. Answering Paragraph 79, County Defendants deny.

80. Answering Paragraph 80, County Defendants deny.

## COUNT IV - NEGLIGENCE

81. Answering Paragraph 81, the County Defendants reallege their answers to Paragraphs 1 through 80 above as though fully set forth herein.

82. Answering Paragraph 82, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

83. Answering Paragraph 83, County Defendants aver the Paragraph states a legal conclusion to which no response is necessary. To the extent a response is required County Defendants deny.

84. Answering Paragraph 84, County Defendants deny.

85. Answering Paragraph 85, County Defendants deny.

**COUNT V – NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

86. Answering Paragraph 86, the County Defendants reallege their answers to Paragraphs 1 through 85 above as though fully set forth herein.

87. Answering Paragraph 87, County Defendants deny.

88. Answering Paragraph 88, County Defendants deny.

89. Answering Paragraph 89, County Defendants deny.

90. Answering Paragraph 90, County Defendants deny.

**CLAIMS AGAINST MVMC**

91. Answering Paragraphs 91 through 113, these allegations are made against another party and therefore no answer is required. To the extent these Paragraphs include allegations of wrongdoing on the part of County Defendants, the allegations are denied.

Any allegations not specifically admitted are denied.

**First Affirmative Defense**

Plaintiff's Complaint fails to state a claim against the County Defendants, individually or in combination, upon which relief can be granted.

### Second Affirmative Defense

Plaintiff failed to articulate a claim under 42 U.S.C. § 1983 Madison County since there is no policy, custom, or practice of Madison County at issue.

### Third Affirmative Defense

Plaintiff's injuries, damages, and losses, if any, were caused by the intervening, superseding, or contributing acts of others.

### Fourth Affirmative Defense

The County Defendants are entitled to immunity for their acts and omissions alleged in Plaintiff's Complaint.

### Fifth Affirmative Defense

Plaintiff's state law claims do not provide for personal liability against Defendants. Thus, the claims are unreasonable and said Defendants are entitled to attorneys' fees and costs incurred in the defense of these claims. *See Germann v. Stephens*, 2006 MT 130, 332 Mont. 303, 137 P.3d 545; and Mont. Code Ann. § 2-9-305(5).

### Sixth Affirmative Defense

Plaintiff's injuries, if any, were caused by her own comparative negligence and her recovery is either barred or diminished in accordance with her percentage of negligence pursuant to Montana Code Annotated § 27-1-702.

### Seventh Affirmative Defense

Plaintiff's claims are offset or barred by Plaintiff's failure to take reasonable care to minimize or to otherwise mitigate her damages, if any.

### Eighth Affirmative Defense

Damages, if any, are limited as set forth in Montana Code Annotated §§ 2-9-105, 2-9-108, 2-9-305, 2-9-314, and 2-9-317.

### Ninth Affirmative Defense

The County Defendants are immune from punitive damages claims under 42 U.S.C. § 1983.

### Tenth Affirmative Defense

The County Defendants are entitled to an award of attorney's fees in defending against Plaintiff's § 1983 claim pursuant to 42 U.S.C. § 1988.

### Eleventh Affirmative Defense

The existence of probable cause bars Plaintiff's claims because she lacked a reasonable expectation of privacy in her medical records.

### Twelfth Affirmative Defense

Plaintiff's state constitutional claims are barred because adequate remedies exist under statutory or common law.

### Thirteenth Affirmative Defense

To the extent Plaintiff suffered from any preexisting conditions, any damages or injury attributable to such conditions are not the responsibility of the Defendants.

### Fourteenth Affirmative Defense

County Defendants are entitled, pursuant to Montana Code Annotated § 27-1-703, to contribution from any other person or entity whose negligence may have contributed to Plaintiff's injuries, damages, and losses, if any.

### Fifteenth Affirmative Defense

In the event Plaintiff has received, or may receive, payment from a collateral source as defined in Montana Code Annotated Section 27-1-307, as a result of any injuries in whole or in part for which she seeks damages herein, her recovery must be reduced by any amount paid or payable from such collateral source pursuant to Montana Code Annotated Section 27-1-308.

### Sixteenth Affirmative Defense

County Defendants did not act in a manner which constituted deliberate indifference to Plaintiff's constitutional rights and there is, therefore, no basis for liability against them under 42 U.S.C. § 1983.

### Seventeenth Affirmative Defense

County Defendants are entitled to qualified immunity and judicial immunity.

### Eighteenth Affirmative Defense

The Madison County's Sheriff's Office and Madison County Attorney's Office lack the capacity to be sued.

### Nineteenth Affirmative Defense

Plaintiff cannot satisfy the elements of a stand-alone claim for negligent infliction of emotional distress.

### Applicability of Affirmative Defenses

County Defendants reserve the right to amend their Answer to add additional affirmative defenses that become known through the course of discovery.

County Defendants assert the foregoing affirmative defenses based upon information and belief that they are or may be applicable to the present claim being presented by Plaintiff. In the event the affirmative defenses are not legally or factually warranted, any such inapplicable affirmative defenses will not be pursued. Likewise, any additional affirmative defenses which become known through the course of discovery will be asserted.

WHEREFORE, Madison County prays for relief as follows:

1. That Plaintiff takes nothing by way of her Complaint and that it be dismissed with prejudice;
2. For costs and attorney fees incurred in the defense of this matter; and
3. For such other and further relief as the Court deems appropriate.

DATED this 15th day of July 2021.

    MACo Defense Services

    */s/ Maureen H. Lennon*
    Maureen H. Lennon

## DEMAND FOR JURY TRIAL

The County Defendants demand a trial by jury of all issues so triable.

DATED this 15th day of July 2021.

    MACo Defense Services

    /s/ Maureen H. Lennon
    Maureen H. Lennon