Justin K. Cole
Jennifer L. Swajkoski
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
jkcole@garlington.com
jlswajkoski@garlington.com

Attorneys for Madison Valley Medical Center

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| HEIDI HARRINGTON,<br><br>Plaintiff,<br><br>v.<br><br>MADISON COUNTY, MADISON COUNTY SHERIFF'S OFFICE, MADISON COUNTY ATTORNEY'S OFFICE, DOUG YOUNG, MADISON VALLEY HOSPITAL, INC., d/b/a MADISON VALLEY MEDICAL CENTER and JOHN DOES 1-10,<br><br>Defendants. | 21-CV-00015-BMM<br><br><br>DEFENDANT MADISON VALLEY HOSPITAL INC., d/b/a MADISON VALLEY MEDICAL CENTER'S BRIEF IN SUPPORT OF MOTION TO DISMISS |

Defendant Madison Valley Hospital Inc., d/b/a Madison Valley Medical Center ("MVMC"), respectfully files this Brief in support of its Motion to Dismiss

1

pursuant to Federal Rule of Civil Procedure 12(b)(6). Counts VII through X pled against MVMC are fundamentally premised upon an alleged improper disclosure of Plaintiff's health information in violation of the Health Insurance Portability and Accountability Act ("HIPAA").[1] Because HIPAA does not permit a private right of action for damages, Counts VII through X fail as a matter of law and should be dismissed.

## I. BACKGROUND

This case stems from events that occurred early in the morning on March 17, 2020, following a suicide attempt made by the Plaintiff. (Doc. 14 at ¶ 9[2]). Plaintiff had consumed a large amount of medication and alcohol, and thereafter drove her car. (Doc. 14 at ¶ 12). Fortunately, the Madison County Sherriff's department ("MSCO") had been alerted to the attempt and deputies were able to locate Plaintiff, who was unresponsive in her car with the engine running and the headlights on, in the parking lot of the McAllister Inn in McAllister, Montana. (Doc. 14 at ¶¶ 10-14). Following several unsuccessful attempts to wake the Plaintiff, MSCO deputies used bolt cutters to break open her window and unlock the car doors. (Doc. 14 at ¶¶ 15-

---

[1] Count VI is pled under the Montana Health Care Information Act, Montana Code Annotated § 50-16-801 et seq. and the limited private right of action created thereby. Count VI is not the subject of this motion.

[2] For purposes of this motion only, MVMC cites to the allegations in the Amended Complaint as true.

17). MSCO deputies escorted Plaintiff to a police vehicle in an effort to keep her warm. (Doc. 14 at ¶ 18). One of the MSCO deputies could smell an odor of alcohol on Plaintiff's breath and discovered a can of beer in Plaintiff's car that was approximately one-third to one-half full. (Doc. 14 at ¶¶ 19-20). The ambulance arrived and subsequently transported Plaintiff to the emergency room at MVMC for treatment. (Doc. 14 at ¶ 21).

While at MVMC, Plaintiff was treated by emergency room providers, including Dr. David Newton ("Dr. Newton") and nurse Lynette Tingey ("Nurse Tingey"). (Doc. 14 at ¶ 24-25). MSCO deputies remained in the emergency room while Plaintiff underwent treatment. (Doc. 14 at ¶ 23). As part of her claims against MVMC, Plaintiff alleges that, while undergoing treatment, Nurse Tingey disclosed to the MSCO deputies her blood alcohol content and blood test results. (Doc. 14 at ¶ 26). Plaintiff also alleges that MSCO deputies requested, and MVMC ultimately provided, a copy of her medical records prior to the County obtaining a court order or other administrative request permitting such disclosure. (Doc. 14 at ¶¶ 28-33).

Shortly thereafter, on or about March 27, 2020, the MSCO county attorney applied for an investigative subpoena, through which the County was ultimately able to obtain Plaintiff's medical records again from MVMC. (Doc. 14 at ¶¶ 39-40). After the County subpoenaed the records, on April 2, 2020, Plaintiff was charged with a first offense for driving under the influence. (Doc. 14 at ¶ 41). According to

3

Plaintiff's Complaint, those charges were eventually dismissed by the Court on or about November 6, 2020, due to MCSO having first obtained Plaintiff's records without proper legal authority. (Doc. 14 at ¶ 44).

Plaintiff now brings this action against MVMC, in which she asserts five separate counts. ( Doc. 14 at ¶¶ 91-113). Counts VII (Invasion of Privacy), VIII (Negligence), IX (Negligent/Intentional Infliction of Emotional Distress), and X (Consumer Protection) relate directly to and are fundamentally based upon the privacy provisions set forth in HIPAA, for which there is no right for private action. Accordingly, even if taken as true, the allegations against MVMC cannot, as a matter of law, support a private right of action on Counts VII-X and these claims must be summarily dismissed.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) should be granted when the plaintiff fails to state a claim upon which relief can be granted. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F. 3d 934, 937 (9th Cir. 2008). In using its judicial experience and common-sense, the Court must determine whether a complaint plausibly states a claim for relief. *Iqbal*, 556 U.S. at 678.

### III.  ARGUMENT

Plaintiff asserts the following claims against MVMC: (Count VI) Violation of Title 50; (Count VII) Invasion of Privacy; (Count VIII) Negligence; (Count IX) Negligent/Intentional Infliction of Emotional Distress; and (Count X) Consumer Protection Act. (Doc. 14 at ¶¶ 91-113).  Counts VII-X are founded on nothing other than an alleged violation of HIPAA, and therefore fail to state legally cognizable causes of action.

**A.  Counts VII through X of Plaintiff's Complaint are fundamentally based on the allegation that MVMC violated HIPAA.**

When construing the gravamen of Plaintiff's Complaint, Counts VII-X are properly subsumed into one general claim alleging that MVMC violated HIPAA. *Plakorus v. Univ. of Mont.*, 2020 MT 312, ¶ 14, 402 Mont. 263, 477 P.3d 311. ("The gravamen of the plaintiff's complaint, not the label the plaintiff attaches to it, governs the applicable law."); *See also Est. of Ostby v. Yellowstone Cnty.*, No. CV

17-124-BLG-SPW-TJC, 2018 U.S. Dist. LEXIS 156604, at *12 (D. Mont. July 6, 2018) ("When the core substance of a claim affects how it will proceed, the Court should look to the gravamen of the claim, rather than the label given to the claim by the plaintiff.").

In Count VII for "invasion of privacy," Plaintiff claims that MVMC's actions in disclosing her protected health information – *prior* to receiving a subpoena from law enforcement – amount to an invasion of privacy. (Doc. 14 at ¶ 96). Plaintiff's factual allegations in this regard are against Nurse Tingey for disclosing Plaintiff's BAC to the MSCO deputy and the alleged early disclosure of medical records facilitated by Dr. Newton. (Doc. 14 at ¶¶ 25, 29-33). Plaintiff makes no additional allegations for an alleged "invasion of privacy" against MVMC providers or staff. Moreover, Plaintiff specifically alleges and relies upon the HIPAA privacy regulations in establishing her expectation of privacy in her medical records. (*See* Doc. 14 at ¶¶ 48-53). Count VII is thus fundamentally based upon the alleged violation of HIPAA.

In support of Count VIII for negligence, Plaintiff specifically claims that MVMC owed her "a duty to exercise reasonable care in disseminating private medical information[,]" (Doc. 14 at ¶ 100), thereby fundamentally basing the negligence claim on the standards set forth in HIPAA. Plaintiff further specifically alleges MVMC breached that duty by disclosing her health information to law

6

enforcement. (Doc. 14 at ¶ 101). (*See also* Doc. 14 at ¶ 51-52 citing HIPAA's rules with respect to disclosures to law enforcement). Plaintiff alleges no other duty nor factual allegations of breach, other than the alleged disclosure of health records in a manner inconsistent with the HIPAA regulations. The negligence claim is thereby fundamentally based upon the alleged HIPAA violation, and nothing more.

Similarly, in Count IX for negligent and intentional infliction of emotional distress, Plaintiff again alleges that her damages were caused by MVMC's alleged improper disclosure of her health information. Specifically, Plaintiff alleges: "MVMC actions were negligent and/or intentional. MVMC chose to engage with law enforcement about Ms. Harrington's medical records, <u>and purposefully, without proper process, provided her medical records to law enforcement</u>." (Doc. 14 at ¶¶ 107) (emphasis added).

Finally, in Count X for an alleged violation of the Montana Consumer Protection Act, Plaintiff again bases this claim solely on the allegation that MVMC improperly disclosed her private medical information "without the proper authority" (i.e. prior to obtaining a subpoena). (Doc. 14 at ¶ 112). Plaintiff cites no other alleged deceptive business practice other than an alleged premature sharing of private medical information. The consumer protection act claim is, therefore, based solely upon the alleged HIPAA breach by MVMC staff.

Each of these claims invokes the privacy provisions set forth in HIPAA and

7

is inextricably based upon the alleged HIPAA violation. Plaintiff repeatedly cites the privacy provisions set forth in HIPAA throughout the Amended Complaint, and fundamentally grounds these privacy interests in the HIPAA regulations. Thus, when read for substance over form, and given that there is no basis under Montana law to support these claims as pled, Counts VII-X can only be construed as generally recasting what is fundamentally an alleged HIPAA violation. Plaintiff cannot allege MVMC's conduct of disclosing medical information to law enforcement was wrongful without establishing that such disclosure violated HIPAA.

**B.     There is No Private Right of Action under HIPAA.**

"HIPAA provides no private right of action to persons who believe their HIPAA rights have been violated." *Hamilton v. Slaughter*, No. CV-17-92-GF-BMM, 2018 U.S. Dist. LEXIS 46614, at *1 (D. Mont. Mar. 21, 2018) (citing *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). Instead, HIPAA was enacted in 1996 as a means to improve the efficiency and effectiveness of the healthcare system. *See* Health Insurance Portability and Accountability Act of 1996, 1996 enacted H.R. 3103, 104 Enacted H.R. 3103, 110 Stat. 1936, 1937, 104 P.L. 191, 1996 Enacted H.R. 3013, 104 Enacted H.R. 3013. In enacting HIPAA, Congress mandated the Secretary of the Department of Health and Human Services ("HHS"), acting through the Office of the Inspector General ("OIG"), to establish rules providing explicit privacy protections for individually identifiable health

8

information. *Id.* As a result, the HHS promulgated comprehensive rules for HIPAA, which are commonly referred to as "HIPAA Administrative Simplification" and can be found at 45 C.F.R. §§ 160, 162, and 164. HIPAA specifically contains what is known as the "breach notification rule," providing regulatory requirements for disclosure upon discovering a HIPAA breach. 45 C.F.R. Subpart D.

Notably absent from these rules is any express authority granting a private right of action under HIPAA. "[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citation omitted). The Ninth Circuit and district courts throughout the Ninth Circuit have repeatedly and consistently held that individuals do not have a private right to court action under HIPAA. *See e.g. Webb*, 499 F.3d at 1082; *Bounchanh v. Wash. St. Health Care Auth.*, No. 19-36059, 2020 U.S. App. LEXIS 25112, at *3 (9th Cir. Aug. 7, 2020) ( "HIPAA 'provides no private right of action.'"); *Cassells v. McNeal*, 772 F. App'x 522, 523 (9th Cir. 2019) ("there is no private right of action under [HIPAA]"); *Moore v. Tri-City Hosp. Found.*, 623 F. App'x 500, 501 (9th Cir. 2015) ("The district court properly dismissed [the claim] because 'HIPAA . . . does not provide for a private right of action.'"); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (holding that a claim for improper disclosure under HIPAA must fail because "HIPAA itself provides no private right of action."); *Allum v. Mont.*, No. CV-19-12-BMM-KLD, 2020 U.S. Dist. LEXIS 155970 (D. Mont. Aug. 27, 2020)

9

(affirming summary judgment on the grounds that HIPAA does not provide for a private right of action.) Guidance from HHS likewise confirms that HIPAA does not support a private right of action. Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82601 (Dec. 28, 2000) ("Under HIPAA, individuals do not have a right to court action.")

Other circuit courts agree. *See Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019) ("Congress left enforcement for violations to the Department of Health and Human Services, not to private plaintiffs.") In *Stewart*, the Seventh Circuit affirmed the dismissal of claims under facts strikingly similar to those pled here. There, the plaintiff alleged claims for damages against a medical provider for reporting the plaintiff's BAC to law enforcement while the plaintiff was unconscious and being treated in the hospital (for injuries sustained in a car accident when the plaintiff was driving while intoxicated). The Seventh Circuit, citing and agreeing with "all other circuits to have considered the question" reasoned that the obligations conferred by HIPAA to protect confidentiality of medical information is enforced by HHS, not private individuals, and concluded that HIPAA "does not confer individual enforcement rights—express or implied." *Stewart*, 940 F.3d at 1015 (citing *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010)).

HIPAA provides a robust regulatory framework, enforced by HHS and the OIG, establishing the privacy and security requirements placed upon entities covered under the law, such as hospitals like MVMC.  HIPAA is enforced through regulatory action, including the potential for government investigations, corrective actions, and fines – not through private action of patients claiming a breach of their healthcare information caused them compensatory damages.  Permitting Plaintiff to sustain causes of actions for emotional distress damages against MVMC for MVMC's alleged HIPAA violation would run afoul of established law, and would create causes of action where none may legally be sustained.  Plaintiff may not plead around this unavoidable conclusion by recasting these claims through state common-law and other state-law causes of action.  *See Faber v. Ciox Health, LLC*, 944 F.3d 593 (6th Cir. 2019) (finding that state common law is no substitute for the private right of action that Congress refused to create in HIPAA, and dismissing negligence and other state claims fundamentally premised upon a violation of HIPAA).  There is no legal basis to support Plaintiff's claims in Counts VII-X, which stem directly from allegations that MVMC improperly disclosed private health information in violation of HIPAA privacy provisions.  Counts VII-X undisputedly fail as a matter of law and must be dismissed.

**C.     Count IV is the only claim not improperly premised upon HIPAA.**

The only claim that is not improperly and fundamentally premised upon a

11

violation of the HIPAA regulations is Count IV, specifically pled under the Montana Health Care Information Act. As alleged in the Amended Complaint, Title 50 of Montana Code Annotated enunciates certain requirements, with respect to the disclosure of health care information by healthcare providers, that are more restrictive than or additional to those set forth in HIPAA. Mont. Code Ann. § 50-16-801(4); (Doc. 14 at ¶ 54). The Montana Health Care Information Act provides Plaintiff's lone, and limited, statutory private right of action as well as a limitation on what, if any, civil remedies are available to those who claim an improper disclosure under its provisions. Mont. Code Ann. § 50-16-817(4) ("If the Court determines that there is a violation of this part, the aggrieved person is entitled to recover damages for pecuniary losses sustained as a result of the violation and, in addition, if the violation results from willful or grossly negligent conduct, the aggrieved person may recover not in excess of $5,000, exclusive of any pecuniary loss.").

When enacting Montana Code Annotated § 50-16-801 *et seq.*, the Montana legislature clearly considered and defined what limited civil remedies may be available, should a plaintiff establish that a violation of the statute occurred. MVMC acknowledges that the allegations in Plaintiff's complaint pertaining to Count VI, if taken as true, are likely sufficient to survive a motion to dismiss at this stage of litigation, based upon the grounds alleged. Thus, even though it takes issue with

12

those allegations, and denies that Plaintiff has any compensable damages caused by an alleged premature disclosure of information to law enforcement, Count IV is not the subject of this motion.

## IV. CONCLUSION

In bringing Counts VII-X against MVMC, Plaintiff improperly attempts to create a private right of action out of an alleged HIPAA violation. It is well settled Ninth Circuit jurisprudence that, as a matter of law, no private right of action exists under HIPAA. Accordingly, and for the reasons set forth herein, Counts VII-X fail to state a claim for which relief can be granted. As a result, MVMC respectfully requests the Court dismiss Counts VII-X of Plaintiff's Complaint in their entirety.

DATED this 20th day of September, 2021.

        /s/ Justin K. Cole
        Attorneys for Madison Valley Medical Center

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that   Defendant Madison Valley Hospital Inc., d/b/a/ Madison Valley Medical Center's Brief in Support of Motion to Dismiss is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Office Word 2016, is 2,786 words long, excluding Caption, Certificate of Service and Certificate of Compliance.

    /s/  Justin K. Cole
Attorneys for Madison Valley Medical Center