Justin K. Cole
Jennifer L. Swajkoski
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
jkcole@garlington.com
jlswajkoski@garlington.com

Attorneys for Madison Valley Medical Center

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| HEIDI HARRINGTON, | 21-CV-00015-BMM |
| Plaintiff, | |
| v. | MADISON VALLEY MEDICAL CENTER'S ANSWER AND DEMAND FOR JURY TRIAL |
| MADISON COUNTY, MADISON COUNTY SHERIFF'S OFFICE, MADISON COUNTY ATTORNEY'S OFFICE, DOUG YOUNG, MADISON VALLEY HOSPITAL, INC., d/b/a MADISON VALLEY MEDICAL CENTER and JOHN DOES 1-10, | |
| Defendants. | |

Defendant, Madison Valley Hospital, Inc., d/b/a Madison Valley Medical

Center ("MVMC"), by and through its counsel of record, Garlington, Lohn &

PAGE 1

Robinson, PLLP, in answer to Plaintiff's First Amended Complaint and Demand for Jury Trial ("Plaintiff's Amended Complaint") on file herein, admits, denies, and alleges as follows:

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim against MVMC upon which relief can be granted.

## SECOND DEFENSE

MVMC denies each and every allegation contained in Plaintiff's Amended Complaint, unless expressly and specifically hereinafter admitted.

## THIRD DEFENSE

### INTRODUCTION

With regard to the introduction contained in Plaintiff's Amended Complaint, MVMC objects on the grounds that it is a narrative, containing several unnumbered sentences, and does not comply with Federal Rule of Civil Procedure 10(b) and, therefore, no response is required. To the extent a response is required, MVMC denies the same.

### PARTIES, JURISDICTION, AND VENUE

1.     With regard to Paragraph 1 of Plaintiff's Amended Complaint, MVMC admits the same.

2.     With regard to Paragraph 2 of Plaintiff's Amended Complaint, the allegations therein are directed to other defendants and, therefore, no response is required by MVMC. To the extent an answer is deemed necessary, MVMC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

3.     With regard to Paragraph 3 of Plaintiff's Amended Complaint, the allegations therein are directed to other defendants and, therefore, no response is required by MVMC. To the extent an answer is deemed necessary, MVMC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

4.     With regard to Paragraph 4 of Plaintiffs' Amended Complaint, the allegations therein are directed to other defendants and, therefore, no response is required by MVMC. To the extent an answer is deemed necessary, MVMC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

5.     With regard to Paragraph 5 of Plaintiff's Amended Complaint, MVMC admits the same.  MVMC affirmatively states it is a nonprofit corporation operating a critical access hospital.

6.     With regard to Paragraph 6 of Plaintiff's Amended Complaint, the

allegations therein are directed to unknown persons and, therefore, require no response. To the extent a response is required, MVMC denies the same.

7.     With regard to Paragraph 7 of Plaintiff's Amended Complaint, MVMC admits the same.

8.     With regard to Paragraph 8 of Plaintiff's Amended Complaint, MVMC admits the same.

## FACTS

9.     With regard to Paragraph 9 of Plaintiff's Amended Complaint, MVMC admits that, on the morning of March 17, 2020, Plaintiff, Ms. Harrington, presented to the Emergency Department at MVMC for emergent treatment following an attempted suicide by overdose. MVMC further admits that Ms. Harrington survived the suicide attempt. To the extent the remaining allegations are directed to other defendants, no response is required by MVMC. However, in the event a response is deemed necessary, MVMC denies the same. As to all remaining allegations, MVMC denies the same.

10.    With regard to Paragraph 10 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and MVMC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

11.    With regard to Paragraph 11 of Plaintiff's Amended Complaint, MVMC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

12.    With regard to Paragraph 12 of Plaintiff's Amended Complaint, MVMC admits that on or about March 17, 2020, Ms. Harrington consumed alcohol and medication. As to the remaining allegations, MVMC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

13.    With regard to Paragraph 13 of Plaintiff's Amended Complaint, MVMC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

14.    With regard to Paragraph 14 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required by MVMC. In the event a response is deemed necessary, upon information and belief, MVMC admits the same.

15.    With regard to Paragraph 15 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required by MVMC. In the event a response is deemed necessary, upon information and belief, MVMC admits the same.

16.   With regard to Paragraph 16 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required by MVMC. In the event a response is deemed necessary, upon information and belief, MVMC admits the same.

17.   With regard to Paragraph 17 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required by MVMC. In the event a response is deemed necessary, upon information and belief, MVMC admits the same.

18.   With regard to Paragraph 18 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required by MVMC. In the event a response is deemed necessary, upon information and belief, MVMC admits the same.

19.   With regard to Paragraph 19 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required by MVMC. In the event a response is deemed necessary, upon information and belief, MVMC admits the same.

20.   With regard to Paragraph 20 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required by MVMC. In the event a response is deemed necessary, upon information and

belief, MVMC admits the same.

21.    With regard to Paragraph 21 of Plaintiff's Amended Complaint, MVMC admits that Ms. Harrington arrived to MVMC via ambulance on the morning of March 17, 2020. As to the remaining allegations, MVMC denies the same.

22.    With regard to Paragraph 22 of Plaintiff's Amended Complaint, MVMC admits the same.

23.    With regard to Paragraph 23 of Plaintiff's Amended Complaint, MVMC admits that Deputies Goodman and Young were present with assisted to subdue Plaintiff at the hospital. As to the remaining allegations, MVMC denies the same.

24.    With regard to Paragraph 24 of Plaintiff's Amended Complaint, MVMC admits that Dr. David Newton provided emergent treatment to Ms. Harrington on March 17, 2020. As to the remaining allegations, those are directed to other defendants and, therefore, no response is required by MVMC. In the event a response is deemed necessary, MVMC denies the same.

25.    With regard to Paragraph 25 of Plaintiff's Amended Complaint, MVMC admits that emergency room nurse, Lynette Tingey engaged in general discussion with Deputy Young and Deputy Goodman on March 17, 2020 regarding

an estimate of a portion of Ms. Harrington's lab results. As to the remaining allegations, MVMC denies the same.

26.    With regard to Paragraph 26 of Plaintiff's Amended Complaint, MVMC admits that she discussed with Deputy Young and Deputy Good, Ms. Harrington's suspected and actual alcohol level. MVMC further admits that Deputy Goodman suspected Ms. Harrington's alcohol level to be .300. As to the remaining allegations, MVMC denies the same.

27. With regard to Paragraph 27 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required by MVMC. In the event a response is deemed necessary, upon information and belief MVMC admits the same.

28.    With regard to Paragraph 28 of Plaintiff's Amended Complaint, MVMC admits that Deputy Young asked emergency physician, Dr. Newton, to provide notes pertaining to Ms. Harrington. As to the remaining allegations, MVMC denies the same.

29.    With regard to Paragraph 29 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required. To the extent a response is required, upon information and belief MVMC admits the same.

30.     With regard to Paragraph 30 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required. To the extent a response is required, upon information and belief MVMC admits the same.

31.     With regard to Paragraph 31 of Plaintiff's Amended Complaint, MVMC admits that Dr. Newton initially refused to provide Deputy Young with the particular notes requested. MVMC further admits that, in response, Deputy Young advised Dr. Newton that he had previously obtained this type of information in previous, similar, situations.

32.     With regard to Paragraph 32 of Plaintiff's Amended Complaint, MVMC admits that Dr. Newton discussed with Deputy Young the Deputy's request for records.  As to the remaining allegations, MVMC denies the same.

33.     With regard to Paragraph 33 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required. To the extent a response is deemed necessary, upon information and belief MVMC admits the same.

34.     With regard to Paragraph 34 of Plaintiff's Amended Complaint, MVMC is without information and knowledge sufficient to form a belief as to the truth of the matter and, therefore, denies the same.

35.     With regard to Paragraph 35 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required. To the extent a response is deemed necessary, upon information and belief MVMC admits the same.

36.     With regard to Paragraph 36 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required. To the extent a response is deemed necessary, upon information and belief MVMC admits the same.

37.     With regard to Paragraph 37 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required. To the extent a response is deemed necessary, upon information and belief MVMC admits the same.

38.     With regard to Paragraph 38 of Plaintiff's Amended Complaint, MVMC states that the medical records speak for themselves, and admits that Ms. Harrington's medical records indicate she had alcohol and other substances in her system on March 17, 2020 as set forth in the records themselves.

39.     With regard to Paragraph 39 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required. To the extent a response is deemed necessary, upon information and belief MVMC

admits the same.

40.     With regard to Paragraph 40 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required. To the extent a response is deemed necessary, upon information and belief MVMC admits the same.

41.     With regard to Paragraph 41 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required. To the extent a response is deemed necessary, upon information and belief MVMC admits the same.

42.     With regard to Paragraph 42 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required. To the extent a response is deemed necessary, upon information and belief MVMC admits the same.

43.     With regard to Paragraph 43 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same on information and belief.

44.     With regard to Paragraph 44 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required.

To the extent a response is deemed necessary, upon information and belief MVMC admits the Justice Court dismissed the criminal case on the bases identified in the court's order.

45.    With regard to Paragraph 45 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response is required. To the extent a response is deemed necessary, upon information and belief MVMC admits the same.

46.    With regard to Paragraph 46 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions and subjective perceptions of the Plaintiff. To the extent the allegations call for legal conclusions, no response is required. Further, to the extent the allegations refer to Plaintiff's subjective perceptions, MVMC is without information or knowledge sufficient to form a belief as to the truth of the matter and, therefore, denies the same.

47.    With regard to Paragraph 47 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions and subjective perceptions of the Plaintiff. To the extent the allegations call for legal conclusions, no response is required.   To the extent a response is warranted to the legal conclusions, MVMC denies. Further, to the extent the allegations refer to Plaintiff's subjective perceptions, MVMC is without information or knowledge

sufficient to form a belief as to the truth of the matter and, therefore, denies the same.

48.     With regard to Paragraph 48 of Plaintiff's Amended Complaint, the allegations are not factual but address the Health Insurance Portability and Accountability Act ("HIPAA") and legal conclusions. The law speaks for itself and, therefore, no response is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary, denies the same. MVMC affirmatively states that HIPAA does not provide for or support a private right of action.

49.     With regard to Paragraph 49 of Plaintiff's Amended Complaint, the allegations are not factual but address HIPAA and legal conclusions. The law speaks for itself and, therefore, no response is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary, denies the same.  MVMC affirmatively states that HIPAA does not provide for or support a private right of action.

50.     With regard to Paragraph 50 of Plaintiff's Amended Complaint, the allegations are not factual but address HIPAA and legal conclusions. The law speaks for itself and, therefore, no response is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a

response is deemed necessary, denies the same.  MVMC affirmatively states that HIPAA does not provide for or support a private right of action.

51.    With regard to Paragraph 51 of Plaintiff's Amended Complaint, the allegations are not factual but address HIPAA and legal conclusions. The law speaks for itself and, therefore, no response is required. and, therefore, no response is required. The law speaks for itself. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary, denies the same.  MVMC affirmatively states that HIPAA does not provide for or support a private right of action.

52. With regard to Paragraph 52 of Plaintiff's Amended Complaint, the allegations are not factual but address HIPAA and legal conclusions. The law speaks for itself and, therefore, no response is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary, denies the same.  MVMC affirmatively states that HIPAA does not provide for or support a private right of action.

53. With regard to Paragraph 53 of Plaintiff's Amended Complaint, the allegations are not factual but address HIPAA. The law speaks for itself and, therefore, no response is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary,

denies the same.  MVMC affirmatively states that HIPAA does not provide for or support a private right of action.

54.   With regard to Paragraph 54 of Plaintiff's Amended Complaint, the allegations are not factual, but address Montana Code Annotated § 50-16-801, *et seq* and legal conclusions. The law speaks for itself and, therefore, no response is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary, denies the same.

55.   With regard to Paragraph 55 of Plaintiff's Amended Complaint, the allegations are not factual, but address Montana Code Annotated § 50-16-801, *et seq* and legal conclusions. The law speaks for itself and, therefore, no response is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary, denies the same.

56.   With regard to Paragraph 56 of Plaintiff's Amended Complaint, the allegations are not factual, but address Montana Code Annotated § 46-4-301, *et seq* and legal conclusions. The law speaks for itself and, therefore, no response is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary, denies the same.

57.   With regard to Paragraph 57 of Plaintiff's Amended Complaint, the allegations are not factual, but instead contain legal conclusions. The law speaks

for itself and, therefore, no response is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary, denies the same.

58. With regard to Paragraph 58 of Plaintiff's Amended Complaint, the allegations are not factual, but instead contain legal conclusions, and are directed at defendants other than MVMC. The law speaks for itself and, therefore, no response is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary, denies the same.

59.   With regard to Paragraph 59 of Plaintiff's Amended Complaint, the allegations are not factual, but instead contain legal conclusions and are directed at defendants other than MVMC. The law speaks for itself and, therefore, no response is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary, denies the same.

60.   With regard to Paragraph 60 of Plaintiff's Amended Complaint, MVMC denies the same.

## CLAIMS AGAINST THE COUNTY DEFENDANTS

## COUNT 1 – 42 U.S.C. § 1983

61.   With regard to Paragraph 61 of Plaintiff's Amended Complaint, MVMC restates its responses to Paragraphs 1-60 of Plaintiff's Amended

Complaint as if fully set forth herein.

62.     With regard to Paragraph 62 of Plaintiff's Amended Complaint, the allegations are not factual, but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary, denies the same.

63.     With regard to Paragraph 63 of Plaintiff's Amended Complaint, the allegations are not factual, but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. MVMC objects to any attempts by Plaintiff to characterize or interpret the law and, to the extent a response is deemed necessary, denies the same.

64.     With regard to Paragraph 64 of Plaintiff's Amended Complaint, the allegations are not factual, but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

65.     With regard to Paragraph 65 of Plaintiff's Amended Complaint, the

allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, upon information and belief MVMC admits the same.

66.     With regard to Paragraph 66 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

67.     With regard to Paragraph 67 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

## COUNT II – 42 U.S.C. § 1983 (*MONELL*)

68.     With regard to Paragraph 68 of Plaintiff's Amended Complaint, MVMC restates its responses to Paragraphs 1-67 of Plaintiff's Amended Complaint as if fully set forth herein.

69.     With regard to Paragraph 69 of Plaintiff's Amended Complaint, the allegations are not factual, but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

70.     With regard to Paragraph 70 of Plaintiff's Amended Complaint, the

allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

71.     With regard to Paragraph 71 of Plaintiff's Amended Complaint, the allegations are not factual, but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

72. With regard to Paragraph 72 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

73.     With regard to Paragraph 73 of Plaintiff's Amended Complaint, the allegations are not factual, but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

74.     With regard to Paragraph 74 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

75.     With regard to Paragraph 75 of Plaintiff's Amended Complaint, the

allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

## COUNT III – *DORWART* CLAIMS

76.    With regard to Paragraph 76 of Plaintiff's Amended Complaint, MVMC restates its responses to Paragraphs 1-75 of Plaintiff's Amended Complaint as if fully set forth herein.

77.    With regard to Paragraph 77 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

78.    With regard to Paragraph 78 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

79.    With regard to Paragraph 79 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

80.    With regard to Paragraph 80 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

### COUNT IV - NEGLIGENCE

81.    With regard to Paragraph 81 of Plaintiff's Amended Complaint, MVMC restates its responses to Paragraphs 1-80 of Plaintiff's Amended Complaint as if fully set forth herein.

82.    With regard to Paragraph 82 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

83.    With regard to Paragraph 83 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for

itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

84.     With regard to Paragraph 84 of Plaintiff's Amended Complaint, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

85.     With regard to Paragraph 85 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC denies the same.

## COUNT V – NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86.     With regard to Paragraph 86 of Plaintiff's Amended Complaint, MVMC restates its responses to Paragraphs 1-85 of Plaintiff's Amended Complaint as if fully set forth herein.

87.     With regard to Paragraph 87 of Plaintiff's Amended Complaint, the allegations are directed other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC is without knowledge or information sufficient to form a belief as to the truth of the matter

and, therefore, denies the same.

88.    With regard to Paragraph 88 of Plaintiff's Amended Complaint, the allegations are directed other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC is without knowledge or information sufficient to form a belief as to the truth of the matter and, therefore, denies the same.

89.    With regard to Paragraph 89 of Plaintiff's Amended Complaint, the allegations are directed other defendants and, therefore, no response by MVMC is required. To the extent a response is deemed necessary, MVMC is without knowledge or information sufficient to form a belief as to the truth of the matter and, therefore, denies the same.

90.    With regard to Paragraph 90 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. Additionally, the allegations are directed to other defendants and, therefore, no response by MVMC is required.

**CLAIMS AGAINST MVMC**

**COUNT VI – VIOLATION OF TITLE 50**

91.    With regard to Paragraph 91 of Plaintiff's Amended Complaint, MVMC restates its responses to Paragraphs 1-90 of Plaintiff's Amended

Complaint as if fully set forth herein.

92.    With regard to Paragraph 92 of Plaintiff's Amended Complaint, MVMC admits that, in the course and scope of their employment with MVMC Nurse Tingey and Dr. Newton shared limited information with law enforcement related to Plaintiff's emergent medical condition and treatment. The remaining allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same and denies all remaining allegations.

93.    With regard to Paragraph 93 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same.

94.    With regard to Paragraph 94 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same and denies Plaintiff is entitled to any relief in this action.

## COUNT VII – INVASION OF PRIVACY

95.    With regard to Paragraph 95 of Plaintiff's Amended Complaint,

MVMC restates its responses to Paragraphs 1-94 of Plaintiff's Amended Complaint as if fully set forth herein.

96.    With regard to Paragraph 96 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same.

97.    With regard to Paragraph 97 of Plaintiff's Amended Complaint, MVMC is without knowledge or information or sufficient to form a belief as to the truth of the matter and, therefore, denies the same.

98.    With regard to Paragraph 98 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same.

**COUNT VII – NEGLIGENCE**

99.    With regard to Paragraph 99 of Plaintiff's Amended Complaint, MVMC restates its responses to Paragraphs 1-98 of Plaintiff's Amended Complaint as if fully set forth herein.

100.   With regard to Paragraph 100 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for

itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same.

101.   With regard to Paragraph 101 of Plaintiff's Amended Complaint, MVMC admits that it shared limited information with law enforcement related to Plaintiff's emergent medical condition and treatment. The remaining allegations are not factual but contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same.

102.   With regard to Paragraph 102 of Plaintiff's Amended Complaint, the allegations are not factual but contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same.

103.  With regard to Paragraph 103 of Plaintiff's Amended Complaint, the allegations are not factual but contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same.

## COUNT IX – NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

104.   With regard to Paragraph 104 of Plaintiff's Amended Complaint, MVMC restates its responses to Paragraphs 1-103 of Plaintiff's Amended

Complaint as if fully set forth herein.

105.   With regard to Paragraph 105 of Plaintiff's Amended Complaint, MVMC is without knowledge or information sufficient to form a belief as to the truth of the matter and, therefore, denies the same.

106.   With regard to Paragraph 106 of Plaintiff's Amended Complaint, MVMC admits that Plaintiff presented to its emergency department following a suicide attempt. As to the remaining allegations, MVMC denies the same.

107.   With regard to Paragraph 107 of Plaintiff's Amended Complaint, MVMC admits shared limited information with law enforcement related to Plaintiff's emergent medical condition and treatment. As to the remaining allegations, MVMC denies the same.

108.   With regard to Paragraph 108 of Plaintiff's Amended Complaint, the allegations are not factual but instead contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same.

## COUNT X – CONSUMER PROTECTION ACT

109.   With regard to Paragraph 109 of Plaintiff's Amended Complaint, MVMC restates its responses to Paragraphs 1-108 of Plaintiff's Amended Complaint as if fully set forth herein.

110.   With regard to Paragraph 110 of Plaintiff's Amended Complaint, the allegations are not factual but contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same.

111.   With regard to Paragraph 111 of Plaintiff's Amended Complaint, the allegations are not factual but contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same.

112.   With regard to Paragraph 112 of Plaintiff's Amended Complaint, the allegations are not factual but contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same.

113.   With regard to Paragraph 113 of Plaintiff's Amended Complaint, the allegations are not factual but contain legal conclusions. The law speaks for itself and, therefore, no response is required. To the extent a response is deemed necessary, MVMC denies the same.

114.   The remaining allegations in the Amended Complaint constitute a prayer for relief, to which no response is required.  To the extent a response is deemed necessary, MVMC denies that Plaintiff is entitled to any relief in this

proceeding, and specifically denies that 42 U.S.C. § 1988 applies to MVMC.

115.   MVMC denies the remainder of the allegations contained in the Amended Complaint that are not specifically admitted herein

## APPLICABILITY OF AFFIRMATIVE DEFENSES

At this time, MVMC is uncertain what affirmative defenses may apply if this case goes to trial.  Discovery, trial preparation, and the facts of the case may make some of the affirmative defenses applicable and, thus, they are raised in this Answer to avoid being waived.  MVMC will dismiss any affirmative defenses at the final pretrial conference that do not appear to be reasonably supported by the facts and/or law.  The purpose of raising these affirmative defenses is not to create defenses where none exist.   Instead, it is in recognition that the pleadings, discovery, and trial preparation require an examination and evaluation of evolving facts and law.  The decision maker, whether a judge or jury, should have available for consideration all defenses that may apply

## AFFIRMATIVE DEFENSES

## FOURTH DEFENSE

The damages alleged by Plaintiff, if any, are not recoverable in this action, and were the result of Plaintiff's pre-existing condition(s), or the progression thereof, and not a result of the care and/or conduct of MVMC.

## FIFTH DEFENSE

The damages alleged to have been suffered by Plaintiff, if any, were proximately caused by the conduct of other persons, parties or entities for which MVMC is not responsible or has no control over.

## SIXTH DEFENSE

The damages alleged to have been suffered by Plaintiff, if any, were proximately caused by the superseding, intervening, negligence, fault, or actions of third persons or parties that are not parties to this lawsuit for which MVMC is not responsible, and that any negligence or breach of duty on the part of MVMC, if any, was not a proximate cause of the Plaintiff's alleged damages. In asserting this defense, MVMC does not admit any negligence or breach of any duty, and to the contrary, denies allegations of negligence or breach of duty.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by Montana Code Annotated § 50-16-817.  To the extent Plaintiff prevails in her claim against MVMC, recovery of her damages, if any, is statutorily limited under Montana Code Annotated § 50-16-817.

## EIGHTH DEFENSE

The damages alleged to have been suffered by Plaintiff, if any, were caused

PAGE 30

by her own comparative negligence and her recovery is either barred or diminished in accordance with her percentage of negligence pursuant to Montana Code Annotated § 27-1-702.

## NINTH DEFENSE

Plaintiff failed to take appropriate action to mitigate the damages alleged, if any.

## TENTH DEENSE

Under Montana Code Annotated § 27-1-703, MVMC is entitled to contribution from any other person or entity whose negligence may have contributed to Plaintiff's injuries, damages, and losses, if any.

## ELEVENTH DEFENSE

In the event Plaintiff received, or may receive, payment from a collateral source as defined in Montana Code Annotated § 27-1-307, as a result of any damages she alleges to have sustained in this action, in whole or in part, her recovery must be reduced by any amount paid or payable from such collateral sources pursuant to Montana Code Annotated § 27-1-308.

## TWELFTH DEFENSE

Plaintiff's Consumer Protection Act claim is not viable against MVMC under Montana law. Thus, treble damages and attorneys' fees and costs are not

recoverable in this action.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to punitive damages pursuant to Montana Code Annotated § 27-1-821. Plaintiff is not entitled to punitive damages because MVMC did not act with actual fraud or actual malice. Plaintiff is not entitled to an award of punitive damages insofar as that award would violate MVMC's rights under the United States Constitution and/or the Montana Constitution, including but not limited to MVMC's right to due process.

## THIRTEENTH DEFENSE

Plaintiff's claims are fundamentally and improperly based upon an alleged violation of HIPAA, which does not support a private right of action, and Plaintiff's claims are not separately supportable or legally viable under Montana law.

## RESERVATION OF RIGHTS

Additional discovery may reveal additional defenses to MVMC. MVMC, therefore, reserves the right to amend this Answer if appropriate and in a manner consistent with the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

MVMC demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Amended Complaint,

MVMC prays for relief as follows:

1.     That Plaintiff's Amended Compliant be dismissed with prejudice,

2.     That Plaintiff takes nothing by virtue of her Amended Complaint,

3.     That MVMC recovers costs and attorney fees incurred in the defense

of this matter, and

4.     For such other and furth relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

MVMC demands a trial by jury on all issues so triable.

DATED this 20th day of December, 2021.


        /s/  Justin K. Cole
      Attorneys for Madison Valley Medical Center